

September 17, 2019

<u>Via ECF</u>

Hon. Paul A. Engelmayer
U.S. District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
Room 1035
New York, NY 10007

    Re:  *Triton Pacific Securities LLC v. Mission Critical Services Corp.*, Case No. 1:19-cv-05789 PAE (S.D.N.Y.)

Dear Judge Engelmayer,

    On behalf of plaintiff and counterclaim defendant Triton Pacific Securities LLC ("Triton"), I write in response to the letter that defendant and counterclaim plaintiff Mission Critical Services Corp. ("MCS") sent to this Court on September 10, 2019 and its counsel's letter dated today. We offer three brief points in response.

    First, Triton consents to a one-month extension. Triton objects, however, to MCS's request for more. This case is not complex, and MCS has already served an extraordinarily detailed answer to Plaintiff's original complaint. Also, responding to Triton's motion to dismiss should not require extensive or time-consuming research, because it is based primarily on the facial insufficiency of MCS's counterclaims and their inconsistency with the undisputed facts. In addition, Triton would like this matter to be resolved promptly, because MCS's counterclaims are disparaging. We respectfully suggest, therefore, that a one-month extension should suffice.

    Second, MCS's Mr. Kane has misrepresented the facts on which he bases his extension request. Mr. Kane tells this Court that he is requesting an extension because he "cannot get in touch with [his] attorney" Kevin Galbraith and is "starting at step one." That is untrue.

    Mr. Galbraith has not been unavailable. As his letter indicates, he "do[es] not agree with the contents" of his client's letter. Mr. Galbraith emailed my firm on September 12, two days after MCS's letter, to request an extension because he was "being replaced as counsel." The next day



– last Friday – Mr. Galbraith emailed that he had conveyed our response to his client.  I spoke with Mr. Galbraith today before I received his letter to Court, and though privilege properly restricted the scope of our conversation, he was certainly available and confirmed that he does not agree with the contents of his client's letter.  Whatever Mr. Kane's grounds may be for seeking to replace his counsel, Mr. Galbraith's unavailability is not his true reason.

      Finally, if the Court determines that a telephonic conference would be appropriate, Triton would be happy to participate.  MCS has made a material misstatement to the Court, has requested relief based on that misstatement, and has filed improper counterclaims against multiple defendants that lack any arguable basis in law or fact.  Its conduct, and its extension request, require explanation.  At a minimum, MCS should not be granted more than one month to respond to Triton's motion and amended complaint.

      Respectfully,

GRIFFIN HAMERSKY LLP

By: /s/ Richard K. Milin
Scott A. Griffin
Michael D. Hamersky
Richard K. Milin
420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone: (646) 998-5580
Facsimile:  (646) 998-8284

*Counsel for Plaintiff Triton Pacific Securities, LLC*

420 Lexington Avenue, Suite 400, New York, NY 10170
Tel: 646-998-5580 I Fax: 646-998-8284 I info@grifflegal.com   I   www.grifflegal.com

2