UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRITON PACIFIC SECURITIES, LLC, | |
| Plaintiff, | 19 Civ. 5789 (PAE) |
| -v- | ORDER |
| MISSION CRITICAL SERVICES CORP. | |
| Defendant. | |

PAUL A. ENGELMAYER, District Judge:

Before the Court is the motion of Triton Pacific Securities, LLC ("Triton") for an extension, *nunc pro tunc*, to file an amended motion to dismiss Mission Critical Services Corp.'s ("Mission Critical") counterclaims. Dkt. 29.

Although this case was filed in June 2019, it remains in the early stages of litigation. On June 20, 2019, Triton filed its complaint against Mission Critical. Dkt. 1. On August 13, 2019, Mission Critical filed an answer and counterclaim. Dkt. 7. On September 3, 2019, Triton filed a motion to dismiss six of Mission Critical's counterclaims, and a motion for a more definite statement regarding the other three counterclaims. Dkt. 9. Triton also filed an amended complaint. Dkt. 11. On September 6, 2019, the Court issued an order directing Mission Critical to amend its counterclaims or file an opposition to the motion to dismiss. Dkt. 12.

On September 13, 2019, the president of Mission Critical wrote the court *pro se*, requesting an extension of all pending deadlines while the company secured new counsel. On September 18, 2019, the Court issued an order giving Mission Critical three weeks to secure new counsel and extending the other deadlines in this matter. Dkt. 16. On October 7, 2019, new counsel entered an appearance for Mission Critical, Dkt. 18, and was notified of the existing

deadlines in this case, Dkt. 20. On October 29, 2019, Mission Critical filed an answer to Triton's amended complaint, which included counterclaims against Triton as well as a new third-party complaint against Triton Pacific Investment Corporation, Inc. and Triton Pacific Adviser, LLC. Dkt. 21. The third-party complaint was served on November 26, 2019. Dkt. 26.

On November 20, 2019, Triton filed a letter on ECF which went well beyond a simple notice that it was relying on its previously filed motion to dismiss the counterclaims. Dkt. 24. The Court therefore issued a memo endorsement instructing Triton, by November 27, 2019, to either file a new motion to dismiss the counterclaims or indicate that it relied on its previously filed motion. Dkt. 25. As of the close of business on December 4, 2019, Triton had not responded to the Court's order. The Court therefore concluded that Triton was relying on its previously filed motion to dismiss and directed that briefing on that motion proceed. Dkt. 27. On December 5, 2019, Triton filed an amended motion to dismiss, Dkt. 28, and a letter motion seeking, *nunc pro tunc*, an extension of time, Dkt. 29.

Triton's counsel Richard Milin, in belatedly seeking an extension of time, explains that "[b]ecause of an otherwise diligent paralegal's inadvertence, I did not receive the Court's Order of November 21, 2019 . . . until yesterday night" and proffers that "Triton missed the deadline because I myself am not an ECF notice party and my colleague Mr. Griffin and I both relied on our otherwise diligent paralegal, who is a notice party, to notify me of any orders or filings in this case." *Id.* This shunting of blame is not well taken. As Triton's counsel should be aware, this district's local rules repeatedly emphasize the obligation of counsel to stay apprised of the docket in their cases. "It remains the duty of Filing and Receiving Users to regularly review the docket sheet of the case in order not to miss a filing." S.D.N.Y. Electronic Case Filing Rules & Instructions ("ECF Rules") § 13.14; *see also id.* §§ 9.1 (same); 10 (same), 19.6 (same). This

admonition also appears every time a user logs into the ECF system: "**Important Note**—'It remains the duty of the attorney for a party to review regularly the docket sheet of the case.' (ECF Rule #9)." *See* http://ecf.nysd.uscourts.gov (emphasis in original). The Court does not doubt the diligence of counsel's paralegal, but that is beside the point. It remains the obligation of counsel, and counsel alone, to stay apprised of court orders in this case.[1] This oversight should never have happened.

The Court is also unpersuaded by Triton's argument that Mission Critical has not been prejudiced in any real way by Triton's tardy filing of an amended motion to dismiss. Dkt. 29. While it may be true that Triton's new motion to dismiss is substantially similar to the arguments it expressed in its letter of November 20th, the Court indicated through its memo endorsement that Mission Critical did not need to act on that letter until it received further clarification from Triton. Dkt. 25. What's more, "if the concept of a filing deadline is to have any content, the deadline must be enforced. Any less rigid standard would risk encouraging a lax attitude toward filing dates." *Houston v. Lack*, 487 U.S. 266, 282 (1988) (internal quotation marks omitted).

The Court ultimately agrees with Triton, however, that the recent service of Mission Critical's third-party complaint on two Triton affiliates who intend to file a motion to dismiss on substantially similar grounds, and are themselves represented by Triton's counsel, presents an independent reason to revise the briefing schedule so as to avoid duplicative work for all parties. The deadline for the third-party defendants to file an answer or a pre-answer motion is December 12, 2019. Dkt. 26. The Court therefore accepts Triton's amended motion to dismiss, Dkt. 28,

---

[1] Mr. Milin's explanation also leaves unanswered the question of whether his co-counsel Scott Griffin, who is currently the attorney of record in this matter, received an electronic notification of the Court's November 21, 2019, order, and if so, why he failed to act. *See* ECF Rules (explaining repeatedly that a Notice of Electronic Filing constitutes service upon all users).

*nunc pro tunc*, as timely filed and sets the following revised briefing schedule for Triton's amended motion to dismiss the counterclaims and the anticipated motion to dismiss by the third-party defendants. By January 3, 2020, Mission Critical should file a single brief in opposition to Triton's amended motion to dismiss and any pre-answer motion filed by the third-party defendants. By January 10, 2020, the moving parties shall file a combined reply brief.

It is further ordered that by January 10, 2020, Triton and Mission Critical should file a joint letter with the Court, not to exceed three pages, expressing their view(s) on whether the principal case should proceed to discovery while the motion to dismiss the counterclaims and/or third-party complaint is being decided.

It is further ordered that by December 9, 2019, Richard Milin will enter a notice of appearance in this case and both Richard Milin and Scott Griffin will file affidavits certifying that they have registered to personally receive email notifications from ECF in this matter.

The Clerk of Court is respectfully directed to close the motions pending at Docket 9 and Docket 29.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: December 6, 2019
New York, New York