UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                    :

**TRITON PACIFIC SECURITIES, LLC,**           :

          *Plaintiff and Counterclaim Defendant,*  :

                    :   Case No. 1:19-cv-05789 (PAE)

              *-v.-*                  :

**MISSION CRITICAL SERVICES CORP.,**    :

          *Defendant and Counterclaim Plaintiff,*  :

              *-v.-*                  :

**TRITON PACIFIC ADVISER, LLC,**         :
**TRITON PACIFIC INVESTMENT**             :
**CORPORATION, INC.,**                           :
**TRITON PACIFIC CAPITOL PARTNERS, LLC,** :
**TRITON PACIFIC INVESTMENT GROUP, LLC,** :
**CRAIG J. FAGGEN, MICHAEL L. CARROLL,**   :
**BRIAN D. BUEHLER AND WENDY POOLE,**    :

              *Third-Party Defendants.*    :

------------------------------------------------------------------------x

## DECLARATION OF MICHAEL L. CARROLL

Michael L. Carroll hereby declares as follows:

1.     I am the Chief Financial Officer of Triton Pacific Securities LLC ("Triton") and Triton Pacific Adviser, LLC ("TPA"). I have held my position at TPA for approximately seven years and my position at Triton for approximately fourteen years. I submit this Declaration based on my personal knowledge and my review of relevant files in support of the Motions of Plaintiff and Counterclaim Defendant Triton and Third-Party Defendants TPA and Triton Pacific Investment Corporation, Inc. ("TPIC"), now known as TP Flexible Income Fund, Inc., to Dismiss Defendant's Counterclaim and Third-Party Claim.

1

2. As a result of a merger with an unrelated entity in 2019, neither Triton nor its affiliates now hold a controlling interest in TPIC. TPIC has changed its name to TP Flexible Income Fund, Inc.

3. I attach as Exhibit 1 a copy of the contract dated as of December 20, 2013 between Triton, TPA, TPIC and Defendant Mission Critical Services Corp. ("MCS").

4. I attach as Exhibit 2 a copy of a "demand letter" from MCS to Triton. I received a copy of the attached letter on or about November 10, 2017. The $19,250 was paid within approximately ten days, on or about November 20, 2017.

In accord with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed:    New York, New York
             December 12, 2019

                                        By: /s/ Michael Carroll
                                        Michael L. Carroll

2

# EXHIBIT 1

# Agreement

This agreement ("Agreement") is made as of December 20 2013, between Triton Pacific Investment Corporation, Inc., Triton Pacific Adviser, LLC, and Triton Pacific Securities, LLC (together, "Client" or "Party"), having offices at 10877 Wilshire Blvd., 12th Floor, Los Angeles, CA 90024, and Mission Critical Services Corp., a New York-based corporation having offices at 641 Lexington Avenue, 15th floor, New York, NY 10022 ("Mission Critical" or "Party"), (collectively, the "Parties").

**1. Services.**  Mission Critical shall provide compliance support and other business consulting services to Client.  Client will make all decisions with respect to the engagement(s) hereunder.

**2. Responsibilities.**

In connection with the performance of the services hereunder, Mission Critical:

a. Shall report to, work under the direction of and participate in meetings and discussions as required and/or requested by Client upon reasonable notice and during normal and reasonable business hours; and
b. Shall discuss all issues, recommendations and decisions related to the performance of the services, the status of the services or any major issue affecting the services with Client.

In connection with the performance of the services hereunder, Client:

c. Shall perform the tasks, furnish acceptable personnel, provide the resources and undertake the responsibilities set forth in this Agreement; and
d. Shall furnish, upon request by Mission Critical, use of a work area within its office space and provide access to and use of its utilities, telephone and facsimile systems and equipment, computer network, copier machines and supplies, as may be required by Mission Critical to perform its services as contemplated in this Agreement; and
e. Shall be responsible for establishing and maintaining an adequate and effective internal control system, compliance program, record keeping, management, decision-making and other management and compliance functions.  Mission Critical's work performed under this Agreement does not guarantee that errors or irregularities will not occur and may not detect errors or irregularities should they occur.  Client recognizes that Client shall be fully and solely responsible for applying independent business judgment with respect to the services and work product provided by Mission Critical, to make implementation decisions, if any, and to determine further courses of action with respect to any matters addressed in any advice, recommendations, services, reports or other work product or Deliverables provided by Mission Critical to Client.

**3. Representations and Warranties.**

 a. All services provided hereunder by Mission Critical will be provided using the knowledge, skill and judgment in the manner that Mission Critical deems, in its sole discretion, to be the most suitable to perform the work contemplated hereunder; and
 b. Notwithstanding anything to the contrary contained in this Agreement, Mission Critical makes no warranties, express or implied, or whether arising by operation of law, course of performance or dealing, custom, usage in the trade or profession or otherwise, including without limitation, implied warranties or merchantability, noninfringement and fitness for a particular purpose; and
 c. Client understands and agrees that Mission Critical is not a public accounting firm and does not issue any representations or opinions on financial statements or the financial condition or record keeping procedures or offer any attestation services.  Client further understands and agrees that Mission Critical is not a law firm and is not providing legal advice or opinions.  To the extent required by the CFTC,

FINRA, NASDAQ, NFA, SEC, Treasury and applicable rules (referred collectively as the "Rules"), Client (i) acknowledges to Mission Critical that it is Client's responsibility to design, establish and maintain a system of internal accounting controls and compliance program in compliance with applicable Rules, (ii) acknowledges to Mission Critical that it is Client's responsibility to comply with required applicable Rules.

**4. Invoices and Payment.**

a. <u>Fees</u>.  Mission Critical shall charge Client and Client shall pay for the compliance services rendered by Mission Critical based upon the time expended at $250 per hour; and
b. <u>Expenses</u>. If travel is required by Client, all out-of-pocket expenses (including, but not limited to, transportation, tolls, parking, lodging, meals, taxis, phone calls, Internet charges, supplies, etc) incurred by Mission Critical in connection with its performance of the services shall be pre-approved in writing by Client and be billed to Client at the actual amounts incurred.  On occasion, travel must be performed during normal working hours, and, in those cases, Mission Critical shall charge its normal hourly rates. Mission Critical shall submit receipts for all expenses invoiced over twenty-five ($25.00) USD dollars. Mission Critical will use its best efforts to follow the travel policies of Client.  Client will reimburse Mission Critical for all travel, actual out-of pocket expenses and meal allowance incurred while performing the services described in this Agreement; and
c. <u>Invoices</u>. Mission Critical will invoice Client the last business day of the month for payment of both fees and expenses incurred. Mission Critical will invoice any remaining accrued fees and expenses upon the termination of this Agreement; and
d. <u>Payment</u>. Client will make payment to Mission Critical no later than fifteen (15) business days upon receipt of invoices from Mission Critical by either regular mail, fax transmission, email, internet delivery, or personal delivery.  If no written objections are received by Mission Critical within such fifteen (15) business day period, invoices shall be deemed accepted and payable by Client.  All payments provided hereunder by Client will be in strict compliance with this Agreement. If payment has not been received as set forth herein, Mission Critical reserves the right, in addition to any other rights it may have to (i) suspend the services until such payment is made in full, (ii) charge interest on the amount past due at the lesser of 1.5% per month or the maximum allowed by law and (iii) invoice Client and Client shall be responsible for payment of all costs of collection including attorney's fees.

**5. General.**

a. <u>Confidentiality</u>. Each Party acknowledges that it or its employees or agents may, in the course of performing its obligations under this Agreement, be exposed to or acquire information regarding this Agreement, the terms of the arrangement reflected herein or other information that is proprietary to or confidential to the other Party, such Party's affiliates or third parties to whom such Party has a duty of confidentiality ("Confidential Information").  Each Party agrees to hold any Confidential Information in strict confidence and not to disclose such information to any person, except as may be necessary in connection with the performance by such Party of its obligations to the other Party hereunder or as may be required by applicable law to provide to a third-party.  If required by applicable law to provide such Confidential Information to a third-party, each Party will use best efforts to give prior notice to the other Party.  Each Party will advise each of its employees who may be exposed to Confidential Information of their obligation to keep such information confidential.
b. <u>Non-Solicitation</u>. Client recognizes and acknowledges that Mission Critical's employees, agents and affiliates are a valuable asset of Mission Critical's business and during the term of this Agreement and for a period of one (1) year after termination of this Agreement Client on behalf of itself and its affiliates, agents, employees and/or representatives, agrees not to in any way, directly or indirectly, solicit or induce, divert, take away, employ, retain or hire from Mission Critical on behalf of Client or on behalf of any affiliate, agent, employee and/or representative of Client, any of Mission Critical's employees, members, consultants, affiliates, agents or representatives with whom it (or they) may be

introduced or with whom it (or they) otherwise had contact as a result of the services that may be performed hereunder.

c. <u>Responsibility of Information</u>. Mission Critical shall be entitled to rely on the accuracy of all information provided by, and decisions and approvals of, Client in connection with Mission Critical's work hereunder.  Client hereby releases Mission Critical and its officers, directors and/or all personnel from any liability and costs relating to the services hereunder to the extent such liability and costs are solely attributable to any information provided by Client, its officers, directors, members and/or all personnel that is not complete, accurate or current in all material respects.  All analyses, reports and other documents provided by Mission Critical to Client hereunder shall be collectively referred to herein as the "Deliverables".  All Deliverables shall have been prepared solely for Client's use.  Mission Critical shall have no responsibility or liability for losses, damages, fees or costs incurred as a result of the unauthorized use, circulation, publication, reproduction or use of Deliverables contrary to the provisions of this Agreement.  Deliverables will reflect Mission Critical's observations as of the date work is concluded. Once Mission Critical has provided Client with Deliverables, Mission Critical assumes no obligation or responsibility to update or revise the observations contained in the Deliverables whether as a result of new information, future events or otherwise.  However, should additional documentation or other information become available which impacts upon the observations described in the Deliverables, Mission Critical reserves the right to amend documents accordingly.

d. <u>Indemnification</u>.  Client understands and agrees that because of the relationship established between the Parties pursuant this Agreement, Mission Critical (including its principals, officers, employees, consultants, independent contractors and agents) may be requested by a federal or state administrative, regulatory and/or judicial agency, or by other third parties, (collectively, the "Agencies"), whether by summons, subpoena or otherwise, to attend or provide testimony in an administrative and/or judicial proceeding, provide written or oral information and documentation to, or otherwise cooperate with such Agencies relative to an examination, inspection, audit, investigation or other administrative, judicial or private legal proceeding (collectively, the "Proceedings") involving the Client.  In such event, the Client hereby agrees to compensate Mission Critical, at the rates set forth in this Agreement, for time spent by Mission Critical, its principals, officers, employees, consultants, independent contractors and agents in relation to such Proceedings.  Client also agrees to reimburse Mission Critical for all costs and expenses incurred by Mission Critical, including, but not limited to, reasonably attorney's fees, as well as costs and expenses incurred by Mission Critical in investigating or preparing for such Proceeding, in giving testimony or in furnishing information and documents.  Client's obligations pursuant to this paragraph shall be applicable regardless of the cause or nature of the Proceeding. This paragraph shall remain enforceable and valid at all times and shall survive termination of this Agreement.

e. <u>Notice</u>. Notices and other communications from the Parties under this Agreement shall be in writing and delivered by hand, registered mail, or first class prepaid post to the party receiving such communication at the address specified below:

<u>If to Client:</u>
_____
_____
_____
Attn: _____
Email: _____

<u>If to Mission Critical</u>:
Mission Critical Services Corp.
641 Lexington Avenue, 15th floor
New York, NY 10022
Attn: Darren Kane, Managing Partner
Email: darren.kane@missioncriticalservices.com

f. <u>Non-Waiver</u>.  Waiver by any Party of any breach of this Agreement or the failure to exercise any right hereunder will not be deemed to be a waiver of any other breach or right, nor will the failure of any Party to take action by reason of any such breach or to exercise any such action deprive such Party of the right to take action at any time while such breach or condition giving rise to such right continues in effect.

g. <u>Severability</u>.  If any of the covenants, terms, conditions or provisions of this Agreement are held invalid for any reason, such invalidity will not affect the other provisions hereof which are intended to be and will be deemed severable.
h. <u>Successors and Assigns</u>.  This Agreement will be binding upon and inure to the benefit of Mission Critical and Client, its successors and permitted assigns.
i. <u>Entire Agreement and Amendments</u>.  This Agreement sets forth the entire agreement and understanding between the Parties as to the subject matter hereof and merges and supersedes all prior discussions, agreements, understandings, negotiations, correspondences, undertakings and communications (whether written, oral or electronic) of any kind and every nature between them.  This Agreement may not be amended, changed, modified, discharged or abandoned.
j. <u>No Agency Relationship Implied</u>.  Parties will each perform the obligations contemplated hereunder solely as independent contractors, and no joint venture, partnership, employment, agency or any other relationship is intended, accomplished or embodied in this Agreement.
k. <u>Non-Disparagement</u>. During the term of this Agreement and at all times thereafter, neither Parties shall defame, disparage, make negative statements about or act in any manner that is intended to or does damage to the goodwill, business or personal reputations of the other or any of its affiliates, shareholders, members, officers, directors, managers, employees, consultants and/or agents.
l. <u>Disputes</u>.  Any controversy between Parties arising out of or relating to this Agreement will be settled by court in the borough of Manhattan, New York City.
m. <u>Governing Law and Interpretation</u>.  This Agreement will be governed in all respects by the laws of the State of New York.  Headings are for reference only and are not intended to affect the meaning of any terms.
n. <u>Termination</u>.  The arrangements in this Agreement will apply from the date above until terminated by either Party on giving the other Party 30 days' prior written notice. In the event of termination by either Party, Client shall pay Mission Critical the fees for all services and expenses incurred by Mission Critical through the date of termination.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date first above written.

Mission Critical Services Corp.

By:_____

Name: Darren Kane
Title: Managing Partner
Date: _____

Triton Pacific Investment Corporation, Inc.
Triton Pacific Adviser, LLC,
Triton Pacific Securities, LLC

By:____*M. J. Carroll*____

Name: Michael Carroll
Title: Chief Financial Officer
Date: 12-20-2013

# EXHIBIT 2

MISSION *CRITICAL* SERVICES                     641 Lexington Ave., 15th Floor
                                                      New York, NY 10022
                                                      Tel: (212) 734-0322

                                                      November 10, 2017

Mr. Michael Carroll
Chief Compliance Officer
Triton Pacific Securities, LLC
32451 Golden Lantern
Suite 304
Laguna Niguel, CA 92677

*Delivered via Certified Mail, Return Receipt Requested*
No. 7015 3010 0000 8564 0350

         Re:   Outstanding Invoices

Dear Mr. Carroll:

      Our records indicate that Triton Pacific Securities, LLC ("Triton") currently has five (5) outstanding invoices in the total amount of $19,250.00. These invoices are for services rendered by Mission Critical Services ("Mission Critical") to Triton during each month from February through June 2017.

      As you may be aware, the terms of our agreement with you indicate that invoices issued by Mission Critical shall be paid within fifteen (15) days upon your receipt thereof. However, despite repeated requests for payment, these invoices remain outstanding. As such, Triton is in breach of our agreement by its failure to pay the outstanding invoices. Accordingly, we are writing to attempt to resolve this matter without the need for litigation by requesting that you make payment within the next ten (10) days. If you fail to make payment within ten days, we will be left with no other recourse but to commence suit without further notice.

      Accordingly, please forward to our office or directly to Mission Critical, on or before November 27, 2017, your good check or wire transfer payable to "Mission Critical Services Corp." for the full amount of this obligation, to wit, $19,250.00. <u>You should note that the Summons and Complaint will be filed and served without further notice in the event no payment is made by the requested date</u>. The Complaint seeks the unpaid balance due, along with the costs of collection and reasonable attorneys' fees pursuant to the terms of your agreement with Mission Critical which will exceed the amount of the invoice as we will be charging you $300 per hour for our collection efforts, so it would be in your financial interest to send payment before November 27, 2017.

      I trust you will make every effort to satisfy this debt promptly in order to avoid unnecessary costs and action as outlined above. **This is an attempt to collect a debt and information received may be used against you.**

                                                      Sincerely,

                                                      *[signature]*
                                                      Darren Kane
                                                      Managing Partner

Enclosed:
Outstanding invoices
Draft Summons and Complaint

# Mission Critical Services Corp.
641 Lexington Avenue, 15th Floor
New York, NY 10022

# Invoice

| Date | Invoice No. |
|---|---|
| 3/7/2017 | 6904 |

| Bill To |
|---|
| Triton Pacific Securities, LLC<br>10877 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90024<br>c/o: Mr. Michael Carroll |

| Terms | Due Date |
|---|---|
| Net 15 | 3/22/2017 |

| Description | Hours | Rate | Amount |
|---|---|---|---|
| Compliance services for February 2017. | 23.75 | 275.00 | 6,531.25 |

On 1/1/17, our rate increased $25.

| Telephone No. | Web Site |
|---|---|
| (212) 734-0322 | www.missioncriticalservices.com |

| | |
|---|---|
| **Total** | $6,531.25 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $6,531.25 |

# Mission Critical Services Corp.
641 Lexington Avenue, 15th Floor
New York, NY 10022

# Invoice

| Date | Invoice No. |
|---|---|
| 4/10/2017 | 7054 |

| Bill To |
|---|
| Triton Pacific Securities, LLC<br>10877 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90024<br>c/o: Mr. Michael Carroll |

| Terms | Due Date |
|---|---|
| Net 15 | 4/25/2017 |

| Description | Hours | Rate | Amount |
|---|---|---|---|
| Compliance services for March 2017. | 17 | 275.00 | 4,675.00 |

| | |
|---|---|
| **Total** | $4,675.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $4,675.00 |

| Telephone No. | Web Site |
|---|---|
| (212) 734-0322 | www.missioncriticalservices.com |

# Mission Critical Services Corp.
641 Lexington Avenue, 15th Floor
New York, NY 10022

# Invoice

| Date | Invoice No. |
|---|---|
| 5/4/2017 | 7162 |

| Bill To |
|---|
| Triton Pacific Securities, LLC
10877 Wilshire Blvd. 12th Floor
Los Angeles, CA 90024
c/o: Mr. Michael Carroll |

| Terms | Due Date |
|---|---|
| Net 15 | 5/19/2017 |

| Description | Hours | Rate | Amount |
|---|---|---|---|
| Compliance services for April 2017. | 12 | 275.00 | 3,300.00 |

| | |
|---|---|
| Total | $3,300.00 |
| Payments/Credits | $0.00 |
| Balance Due | $3,300.00 |

| Telephone No. | Web Site |
|---|---|
| (212) 734-0322 | www.missioncriticalservices.com |

# Mission Critical Services Corp.
641 Lexington Avenue, 15th Floor
New York, NY 10022

# Invoice

| Date | Invoice No. |
|---|---|
| 6/21/2017 | 7329 |

**Bill To**

Triton Pacific Securities, LLC
10877 Wilshire Blvd. 12th Floor
Los Angeles, CA 90024
c/o: Mr. Michael Carroll

| Terms | Due Date |
|---|---|
| Net 15 | 7/6/2017 |

| Description | Hours | Rate | Amount |
|---|---|---|---|
| Compliance services for May 2017. | 12 | 275.00 | 3,300.00 |

| | |
|---|---|
| **Total** | $3,300.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $3,300.00 |

| Telephone No. | Web Site |
|---|---|
| (212) 734-0322 | www.missioncriticalservices.com |

# Mission Critical Services Corp.
641 Lexington Avenue, 15th Floor
New York, NY 10022

# Invoice

| Date | Invoice No. |
|---|---|
| 7/6/2017 | 7450 |

| Bill To |
|---|
| Triton Pacific Securities, LLC<br>10877 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90024<br>c/o: Mr. Michael Carroll |

| Terms | Due Date |
|---|---|
| Net 15 | 7/21/2017 |

| Description | Hours | Rate | Amount |
|---|---|---|---|
| Compliance services for June 2017. | 5.25 | 275.00 | 1,443.75 |

| | |
|---|---|
| **Total** | $1,443.75 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $1,443.75 |

| Telephone No. | Web Site |
|---|---|
| (212) 734-0322 | www.missioncriticalservices.com |

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK**
-------------------------------------------------------------X

**MISSION CRITICAL SERVICES CORP.,**

                Plaintiff,

-against-

**TRITON PACIFIC SECURITIES, LLC,**

                Defendant.

-------------------------------------------------------------X

**SUMMONS AND VERIFIED COMPLAINT**

Index No:
Filing Date:

Basis of Venue:
CPLR § 302

Plaintiff's Business Address:
641 Lexington Ave, 15th Floor
New York, NY 10022

**TO THE ABOVE NAMED DEFENDANT**:

        **YOU ARE HEREBY SUMMONED** and required to appear in the Civil Court of the City of New York, County of New York, at the office of the Clerk of the said Court at 111 Centre Street, in the Country of New York City by serving an answer to the annexed verified complaint. Upon your failure to answer, judgment will be taken against you for the sum of $19,250.00 with interest thereon from March 22, 2017 together with the costs of this action.

Defendant's Address:
32451 Golden Lantern
Suite 304
Laguna Niguel, CA 92677

The law or rules of law provides that: (a) If this summon is served by its delivery to you personally within the City of New York, you must answer within Twenty (20) days after such service, or (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication or by any other means other than personal delivery to you within the City of New York, you are allowed Thirty (30) days after such proof of service thereof is filed with the Clerk of this Court, within which to appear and answer.

A copy of this summons and complaint shall be deemed an original for purposes of this filing.

Dated:  New York, New York
          November 27, 2017

                                                   David Hartman, Esq.
                                                 c/o Mission Critical Services Corp.
                                                 641 Lexington Avenue, 15th Floor
                                                 New York, New York 10022

(212) 734-0322  
**Attorney for Plaintiff**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X

MISSION CRITICAL SERVICES CORP.,
                                    Plaintiff,

                    -against-

TRITON PACIFIC SECURITIES, LLC,

                                  Defendant.

-----------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No:

Basis of Venue: CPLR §302

        Plaintiff, through its attorney David Hartman, upon personal knowledge, information and belief, for its verified complaint, respectfully alleges as follows:

**THE PARTIES**

        1. At all the times hereinafter mentioned, Plaintiff, Mission Critical Services Corp. ("Mission Critical") was, and still is, a corporation duly organized under and pursuant to the laws of the State of New York, having its principal office in New York County, State of New York.

        2. Upon information and belief and at all the times hereinafter mentioned, Defendant, Triton Pacific Securities, LLC ("Triton") was and still is, a limited liability company organized under and pursuant to the laws of the State of Delaware, having its principal office in Laguna Niguel, California.

**JURISDICTION AND VENUE**

        3. This Court has jurisdiction over the Defendant pursuant to CPLR §302 because the Defendant entered into an agreement with Plaintiff in the State of New York and tendered payment for services rendered by the Plaintiff in the State of New York.

**BACKGROUND**

3

4. Triton is a broker-dealer that is a Member of the Financial Industry Regulatory Authority ("FINRA").

5. On or about November 5, 2015, Plaintiff and the Defendant entered into an agreement (the "Agreement") in the State of New York pursuant to which Plaintiff was engaged to provide certain services. Subsequent to the date of the Agreement, Defendant Triton, through its Managing Member and Chief Compliance Officer and other employees, requested the Plaintiff to provide compliance support to Triton and all other business consulting services (hereinafter the "Compliance Services").

6. From on or about November 5, 2015 through July 24, 2017 inclusive, Plaintiff completed the Compliance Services in accordance with Defendant's requests and the terms and provisions of the Agreement.

7. Pursuant to said Agreement, the Defendant agreed to pay Plaintiff for the Compliance Services delivered, completed and received, based upon the time expended, at the rates set forth in the Agreement on an invoiced basis for its fees and expenses.

8. Thereafter, Plaintiff delivered, and Defendant accepted, all of the aforementioned Compliance Services. The total fee due to Plaintiff for the Compliance Services totaled $ 121,860.65. Of this amount, a total of $102,610.65 as paid by Defendant to Plaintiff in the State of New York, leaving a balance of $19,250.00 which remains due and unpaid as of the date hereof.

**FIRST CAUSE OF ACTION**

9. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of this Complaint designated "1" through "8", inclusive, with the same force and effect as if herein set forth at length.

10. Defendant failed to pay a total of $19,250.00, despite demands by Plaintiff, and Defendant continues to fail and refuse to pay said balance.

11. As a result of the Defendant's breach of the Agreement as aforedescribed, Defendant is indebted to Plaintiff in the amount of $19,250.00, none of which has been paid, although duly demanded.

12. The Agreement states in pertinent part that it shall be construed and governed under the

4

substantive laws of the State of New York without regard to conflicts of law principles.

## SECOND CAUSE OF ACTION

13. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of this Complaint designated "1" through "12", inclusive, with the same force and effect as if herein set forth at length.

14. The fair and reasonable value of the Compliance Services, goods and services provided by Plaintiff and accepted by Defendant for which payment has not been received by Plaintiff is the sum of $19,250.00.

15. Defendant failed and refused to pay said sum of $19,250.00, although duly demanded, and as a result, Plaintiff seeks to receive interests on the sum owed by Defendant to Plaintiff beginning from March 22, 2017.

## THIRD CAUSE OF ACTION

16. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of this Complaint designated "1" through "15", inclusive with the same force and effect as if herein set forth at length.

17. The Agreement provides in pertinent part, specifically in paragraph 8(c) thereof, that if payment is not received as set forth in the Agreement, Plaintiff may collect all of its costs of collection, including reasonable attorney fees, from the Defendant.

18. Plaintiff requests the sum of $5,000.00 as costs incurred in the collection of the debt owed by the Defendant to the Plaintiff.

## PRAYER FOR RELIEW

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a) on the first and second causes of action, a money judgment in favor of the Plaintiff in the amount of $19,250.00, plus interest from March 22, 2017; and

(b) on the third cause of action, a money judgment in favor of the Plaintiff in the amount of $5,000.00 as and for its costs of collection; and

5

(c) an order granting such other and further relief as to this Court may seem just and proper, together with the costs and disbursements of this action as allowed by law.

A copy of this summons and complaint shall be deemed an original for purposes of this filing.

Dated:  New York, New York
        November 27, 2017

                                                                              _____
                                                                              David Hartman, Esq.
                                                                              c/o Mission Critical Services Corp.
                                                                              641 Lexington Avenue, 15th Floor
                                                                              New York, New York 10022
                                                                              (212) 734-0322
                                                                              Attorney for Plaintiff