UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
    **TRITON PACIFIC SECURITIES, LLC**

                                  *Plaintiff*,

              -*v*.-                                       Case No. 1:19-cv-05789 (PAE)

    **MISSION CRITICAL SERVICES CORP.**,

                                  *Defendant*.

------------------------------------------------------------------x

## STIPULATION AND PROTECTIVE ORDER

This matter having come before the Court at the joint request of Plaintiff Triton Pacific Securities LLC ("Plaintiff") and Defendant Mission Critical Services Corp. ("Defendant," and with Plaintiff, the "Parties") for entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information in connection with this matter to the extent set forth below; and

The Parties, having stipulated and agreed to the terms set forth herein, by and between their respective counsel, and good cause for entry of an Order having been shown;

IT IS HEREBY ORDERED that:

1.    This Stipulation and Protective Order shall apply to all documents and information as defined below that are produced or made available by the Parties to each other in the above-captioned case. It also applies to all documents and information concerning Plaintiff that Defendant obtained in connection with its work for Plaintiff that may be disclosed to anyone in connection with, or as a result of, this case.

2.     Definition of "Document."   The term "document" as used in this Stipulation and Protective Order (the "Order") is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1).  It includes any written, recorded or electronically stored information, such as writings, drawings, graphs, charts, photographs, sound recordings, images, calendars, spreadsheets, and electronic data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form.

3.     Definition of "Confidential Information."  "Confidential Information" means any document or information that a Party designates as "Confidential" or "Highly Confidential" in accord with this Order, or is otherwise to be treated as "Confidential" or "Highly Confidential" pursuant to this Order, and that (a) a Party or other person (the "Producing Party") produces, provides or makes available to a Party or other person in connection with the above-captioned case (the "Receiving Party"), or (b) Defendant obtained in connection with its work for Plaintiff that Defendant proposes to disclose to anyone in connection with, or as a result of, this case.  Extracts and summaries of Confidential Information shall also be treated as confidential, and extracts and summaries of Highly Confidential Information shall be treated as highly confidential, in accordance with the provisions of this Stipulation.

"Confidential Information" shall not include documents or information that: (a) are or become generally available to the public other than through disclosure in violation of confidentiality obligations such as this Stipulation and Protective Order; (b) are or were available to the Receiving Party on a non-confidential basis prior to disclosure by the Producing Party; or (c) become available to the Receiving Party from a source not having a duty of confidentiality with regard to the information.  Documents and information concerning Plaintiff that Defendant

obtained in connection with its work for Plaintiff shall be treated as having been received on a confidential basis.

4. <u>Grounds for Designation of "Confidential Information."</u>  A Producing Party may designate documents or information as "Confidential" if it believes in good faith that it could suffer commercial or other harm, annoyance, embarrassment, oppression, or undue burden or expense if the information were disclosed.  Confidential Information may include, among other things, trade secrets, proprietary business information, competitively sensitive information, information about business methods, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

5. <u>Grounds for Designation of "Highly Confidential Information."</u>  A Producing Party may designate documents or information as "Highly Confidential" if it believes in good faith that it would be likely to suffer substantial commercial or other harm, annoyance, embarrassment, oppression, or undue burden or expense if the information were disclosed.

6. <u>Procedures for Designation of "Confidential" or "Highly Confidential" Information</u>.  A Producing Party may designate documents or information as "Confidential" or "Highly Confidential," even if that Party did not produce the documents or information itself, by:

    a. Affixing to them the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or a similar designation in a size and at a location that makes the designation readily apparent;

    b. Requesting in writing that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or a similar designation in a size and at a location that makes the designation readily apparent;

    c. Providing any reasonable written notice that a computer file or folder contains confidential or highly confidential information, and, if possible without undue burden, including the words "confidential" or "highly confidential" in the name of the folder, or one of the data folders containing that folder, in which the information is contained the information.

    d. Stating on the record at a deposition or hearing that statements made or likely to be made at the deposition or hearing should be treated as confidential;

    e. Stating on the record at a deposition or hearing that statements made or likely to be made at the deposition or hearing should be treated as highly confidential, provided that this designation will only be effective until the deadline specified below for a written designation, and that absent a written designation prior to the deadline, the statements shall be treated only as "confidential";

    f. Providing reasonable written notice designating portions of a transcript of a deposition or hearing as confidential or highly confidential, provided that all such transcripts shall be treated as presumptively confidential even if no written notice is received unless the Court has docketed them.

    g. Providing reasonable written notice designating portions a transcript of a deposition or hearing as highly confidential, if this designation is provided within fourteen calendar days of the designating Party's receipt of the transcript, provided that all transcripts shall be treated as presumptively highly confidential for fourteen calendar days after receipt to allow time for a written designation.

7.    <u>Presumption of "Confidential" Status</u>.  For the convenience of the Parties and to minimize the risk of failing to designate documents as "Confidential," all documents produced or

provided in connection with this case will be deemed "Confidential," even absent an express designation, unless and until the "Confidential" status of the document or information has been challenged and its status has been resolved. Similarly, all documents and information concerning Plaintiff that Defendant obtained in connection with its work for Plaintiff will be deemed "Confidential" to the extent they are disclosed to anyone in connection with, or as a result of, this case.

8. <u>Objections to Designations of "Confidential" or "Highly Confidential" Information</u>. The Receiving Party may, at any time, notify the Producing Party or any designating Party that the Receiving Party does not concur in the designation of a document or other material as Confidential or Highly Confidential Information. If the Producing Party or designating Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential or Highly Confidential Information unless and until the Court rules otherwise.

9. <u>Use of Confidential Information</u>. Confidential Information shall be used solely in connection with the investigation, prosecution or resolution of, or preparation for, the litigation of the above-captioned case and any related mediations, arbitrations or appeals. No Confidential Information shall be used for any other purpose absent the Parties' express prior written agreement.

10. <u>Limits on Disclosure of Confidential Information</u>.

    a. Except with the prior written consent of the Parties or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

    i. the Court and its staff;

   ii. court reporters, stenographers, or videographers who record deposition or other testimony in connection with this case;

  iii. any mediators or arbitrators participating in the case, and their staffs;

  iv. the Parties' counsel, and their employees, contractors and others under their supervision, if and to the extent that they are actually engaged in assisting in the prosecution or resolution of this action and have been advised of their obligations under this Order;

   v. the Parties, including any Party's affiliates' directors, officers, and employees, if and to the extent that they are actually engaged in assisting in the prosecution or resolution of this action and have been advised of their obligations under this Order;

  vi. the Parties' experts, consultants, accountants, and others retained, consulted or employed to assist in the prosecution or resolution of this case;

 vii. the author of the Confidential Information;

viii. persons to whom disclosure is reasonably necessary to prosecute a Party's claims or defenses, provided that counsel for the Party making such disclosure shall inform each such person that the material is confidential and may not be disclosed or used except as provided in this Order;  and

  ix. any person from whom deposition or trial testimony is taken or may be taken in this action and/or the person's counsel but only to the extent that disclosure occurs in preparation for and/or during such contemplated deposition, hearing or trial, <u>provided that</u>, for witnesses who did not author

or previously receive such materials, counsel making such disclosure shall inform each such person that the material is confidential and may not be disclosed or used except as provided in this Order.

    b.    Persons referred to in (iii)-(ix) ("Permitted Persons") may not share any Confidential Information with any other person or entity without the prior express written consent of the Producing Party, which shall consult the designating Party if that Party has expressed a confidentiality interest in the information.

    c.    Each Permitted Person referred to in (vi)-(ix) of the foregoing sub-paragraph shall, before being shown Confidential Information, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the Party disclosing the Confidential Information shall retain a copy of the certificate.

    d.    Each Permitted Person who receives any Confidential Information shall be subject to the jurisdiction of the Court for the purpose of any proceeding related to the performance under, compliance with, or violation of, this Stipulation and Protective Order.

11.    <u>Limits on Disclosure of Highly Confidential Information</u>.

    a.    Highly Confidential Information may be reviewed only by:

      i.  the Court and its staff;

      ii.  court reporters, stenographers, or videographers who record deposition or other testimony in connection with this case;

      iii.  any mediators or arbitrators participating in the case, and their staffs;

      iv.  the author of the Highly Confidential Information;

      v. the Producing Party and any designating Party, and their officer, members, employees and agents;

      vi. the Parties' counsel, and their employees and contractors as reasonably necessary, if and to the extent that they are actually engaged in assisting in the prosecution or resolution of this action and have been advised of their obligations under this Order

      vii. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, but only after providing the disclosing counsel with written consent to comply with this Order in the form annexed as Exhibit A, which disclosing counsel shall retain and disclose to opposing counsel at a time to be agreed;

      viii. trial and deposition witnesses; provided, however, that Highly Confidential Information is furnished only after the witness has provided both Parties' counsel with written consent to comply with this Order in the form annexed as Exhibit A; and

      ix. other persons at the request of a Party's counsel, upon written consent of the Producing Party or designating Party, which shall not be unreasonably withheld, but which may be subject to reasonable terms, including a requirement that they provide written consent to comply with this Order.

    b. Persons referred to in (iii)-(ix) of the foregoing sub-paragraph ("Specially Permitted Persons") may not share any Highly Confidential Information with any other

person or entity without the prior express written consent of the Producing Party, which shall consult the designating Party if that Party has expressed a confidentiality interest in the information. Each Specially Permitted Person who receives any Confidential Information shall be subject to the jurisdiction of the Court for the purpose of any proceeding related to the performance under, compliance with, or violation of, this Stipulation and Protective Order.

12. <u>Court Filings of Highly Confidential Information.</u>

    a. A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, and other documents which have previously been designated as comprising or containing Highly Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Highly Confidential Information, shall provide the other Party with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing Party or designating Party may file by Order to Show Cause a motion to seal such Highly Confidential Information. The Highly Confidential Information shall not be filed until the Court renders a decision on the motion to seal.

    b. In the event the motion to seal is granted, all transcripts, exhibits and other documents which have previously been designated by a party as comprising or containing Highly Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "HIGHLY CONFIDENTIAL MATERIAL - SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND

EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened and its contents are not to be displayed or revealed other than to the Court, or to the parties' counsel of record, except by order of the Court or consent of the parties. Violation hereof may constitute contempt of the Court."

    c.    As an alternative to the foregoing procedure, any party may file with the Court any documents previously designated as comprising or containing Highly Confidential Information by submitting such documents to the Court in sealed envelopes or another appropriate sealed container on which shall be endorsed the caption of this litigation, the words "HIGHLY CONFIDENTIAL MATERIAL - SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened and its contents are not to be displayed or revealed other than to the Court, or to the parties' counsel of record, except by order of the Court or consent of the parties. Violation hereof may constitute contempt of the Court."

    d.    All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any document or information which a Party previously designated as comprising or containing Highly Confidential Information shall identify such documents by the production number ascribed to them at the time of production.

    e.    If the Court denies a Disclosing Party's request to file Highly Confidential Information under seal the Disclosing Party shall abide by the Court's Ruling and any Party may file the Highly Confidential Information without violating this Stipulation

and Protective Order.  If any Highly Confidential Information is publicly filed pursuant to the Court's Ruling, it will no longer be considered Highly Confidential Information for the purposes of this Stipulation and Protective Order.

      f.      Upon the request of any Party, the Court Clerk shall return the sealed documents to that Party upon disposition of the motion or other proceeding for which they were submitted.

    13.    <u>Use of Highly Confidential Information in Court</u>.  In the event that any Highly Confidential Information is used in open court, it shall not lose its status as Highly Confidential Information because of that use.  Counsel shall confer in good faith concerning such procedures as are necessary to protect the confidentiality of Highly Confidential Information in the course of any court proceedings.  If the Parties are unable to agree upon such procedures, the Parties shall request a ruling from the Court.

    14.    <u>Inadvertent Disclosure</u>.  Inadvertent production of Confidential or Highly Confidential Information without its being designated as such shall not be deemed a waiver of any claim of confidentiality with respect thereto, provided that the inadvertence is corrected by supplemental written notice, including a supplemental production of the information with the "Confidential" or "Highly Confidential" designation.  After receipt of such written notice, the designated information shall thereafter be treated as Confidential or Highly Confidential Information in accordance with this Stipulation and Protective Order, but no one shall be deemed to have violated this Stipulation and Order because of disclosures of the information made prior to receipt of such written notice.

15. <u>No Waiver by Disclosure</u>.  The production or disclosure of Confidential or Highly Confidential Information shall in no way constitute a waiver of any party's right to object to the production or disclosure of other information in this action or in any other action.

16. <u>Right to Seek Modification</u>.  The Parties' stipulation to this Stipulation and Protective Order is without prejudice to the right of either Party to seek relief from, or modification of, this Order or any provisions thereof in accord with the Court's procedures or to challenge any designation of confidentiality as inappropriate under applicable law.

17. <u>Procedure for Challenging Designation.</u>  If any Party believes that a Document or other information which has been designated as Confidential or Highly Confidential should not properly be treated as Confidential or Highly Confidential Information under this Order, that Party must notify the designee of the disagreement, and the Parties shall attempt to reach an agreement within five (5) business days.  If no agreement can be reached after five (5) business days, the Party seeking to challenge the confidentiality of the document may raise the matter with the Court in accord with the Court's procedures.  The designation shall remain in effect until the Court resolves the issue or the Parties reach agreement.  A Party's failure to challenge a designation of information as Confidential or Highly Confidential shall not be deemed an admission that the information is in fact Confidential or Highly Confidential.

18. <u>Party's Own Use</u>.  This Stipulation and Protective Order shall not apply to a Party's use of its own Confidential Information or Highly Confidential Information for any purpose.  Nothing herein shall prevent the disclosure of a Producing Party's Confidential or Highly Confidential Information to its author.

19. <u>Disclosure as Required by Law</u>.  If any recipient of Confidential or Highly Confidential Information receives a subpoena or other formal demand (a "<u>Demand</u>") from any

source, whether related to another cause of action, proceeding, investigation or otherwise, for the production or disclosure of any Confidential or Highly Confidential Information, the party served with the Demand shall not produce the Documents without first giving prior reasonable notice to the Producing Party or designating Party, unless such notice would be prohibited by applicable law. Written notice should be at least ten (10) days prior to the deadline for response to the Demand, or within three (3) days of receipt if the required response date is less than ten (10) days. Notice may be given by e-mail to counsel of record in this case.

20. <u>Conclusion of Proceedings</u>. After the conclusion of the above-captioned proceeding, this Stipulation and Protective Order shall continue to be effective and binding upon the parties hereto as well as upon all Permitted Persons and Specially Permitted Persons to whom Confidential Information has been disclosed or made available. Within sixty (60) days after the conclusion of the above-captioned proceeding, and any appeals therefrom, all Confidential and Highly Confidential Information produced in discovery, and all copies thereof, will be destroyed by each Party and Permitted Person or shall be returned to counsel of record for the Producing Party. All counsel may keep for their records copies of each document filed with the Court, each transcript of any proceedings before the Court, deposition transcripts, pleadings, discovery requests and responses, and attorney work product generated in connection with the review or analysis of Confidential Information. The Parties understand that the obligation set forth in this paragraph does not oblige the Parties to destroy any documentation they maintain as part of their business records.

[*Signatures on following page*]

Agreed to on behalf of the Parties:


Griffin Hamersky LLP


By: /s/ *Richard K. Milin*
    Richard K. Milin, Esq.
    420 Lexington Avenue, Suite 400
    New York, New York 10170
    Telephone: (646) 998-5580
    Facsimile: (646) 998-8284
    *Counsel for Plaintiff Triton Pacific Securities, LLC*


By: /s/ *Liam O'Brien*
    Liam O'Brien, Esq.
    9 East 40th Street, Fourth Floor
    New York, New York 10016
    Telephone: (212) 320-8972 Ext. 700
    Facsimile: (212) 504-9574
    *Counsel for Defendant Mission Critical Services Corp.*


SO ORDERED ON THIS 6th DAY OF July, 2020

            *[signature]*
            PAUL A. ENGELMAYER
            United States District Judge

# EXHIBIT A

## Agreement Concerning Confidential Documents and Information

1. My present employer is _____.
   _____

2. My present occupation or job description is _____.
   _____

3. I have received a copy of the Stipulation and Protective Order (the "Order") entered in the above-entitled action on_____.

4. I have carefully read and understand the provisions of the Order.

5. I will comply with all of the provisions of the Order.

6. I will hold any Confidential or Highly Confidential information that is disclosed to me in confidence, and will not disclose it to anyone except in accordance with the Order, and will use it only for purposes of this legal action.

7. I will return all Confidential and Highly Confidential information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or, if I have not been employed or retained, to counsel from whom I received the Confidential or Highly Confidential information.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this action.

Dated: _____     By: _____

City and State: _____